IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01223-BNB

JERRY WATSON,

Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.



ORDER OF DISMISSAL

I. Background

Applicant Jerry Watson is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. Watson initiated this action on April 2, 2008, by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma (Western District of Oklahoma) challenging the validity of his conviction in the Denver County District Court in Case Nos. 96CR1525 and 96CR1526. The Western District of Oklahoma determined that venue in the instant action properly lies in the United States District Court for the District of Colorado and entered an order that transferred the action to this Court. Magistrate Judge Boyd N. Boland reviewed the Application and entered an order on July 24, 2008, directing Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A). On August 1, 2008, Respondents filed a Pre-Answer, and on August 20, 2008, Mr. Watson filed a Reply to the Pre-Answer.

In his Application, Mr. Watson asserts that he pled guilty to one count of aggravated robbery in each of the criminal cases and was sentenced to a ten-year sentence in each of the cases to run concurrent to each other and to his State of Colorado sentences in the Arapahoe County District Court and consecutive to his State of Missouri sentence. (Application at 2.) Mr. Watson states that the judgment of conviction was entered in both cases on April 17, 1996, and he was sentenced on July 2, 1996. (Application at 2 and Reply at 2.) He further states that he filed a Colo. R. Crim. P. 35(c) postconviction motion on August 16, 2005, and that the motion was denied by the state's highest court on June 1, 2007.

In the Pre-Answer, Respondents assert that Mr. Watson pled guilty on April 17, 1996, to one count of aggravated robbery in each of the criminal cases at issue in this action. (Pre-Answer at 1.) They further assert that Mr. Watson was sentenced to a term of ten years in each case on July 2, 1996, and that the sentences were ordered to run concurrently with Applicant's sixteen-year sentence in the Arapahoe County District Court and consecutive to his sentence in the State of Missouri. (Application at 1-2.)

Respondents also assert that Mr. Watson filed a Colo. R. Crim. P. 35(b) motion for reconsideration of his sentence, on October 4, 1996, which the trial court denied on October 7, 1996, and that he filed another motion, on September 17, 2002, in each case, asking to serve his sentence concurrently with his Missouri conviction, which the trial court denied as untimely on October 14, 2002. (Pre-Answer at 2.) Respondents further assert that on August 19, 2005, Mr. Watson filed a Colo. R. Crim. P. 35(a) motion to correct an illegal sentence in both cases and that the trial court denied the

2

motion on January 6, 2006, and Mr. Watson filed a notice of appeal on June 16, 2006. (Pre-Answer at 2.) Finally, Respondents state that the state court of appeals denied Mr. Watson's consolidated appeal in his Rule 35(a) motion on April 5, 2007, as time-barred under Colo. Rev. Stat. § 16-5-402(1). (Pre-Answer at 2-3.)

II. Analysis

The Court must construe liberally Mr. Watson's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Watson's Application is untimely. (Pre-Answer at 5.) They contend that he did not file a direct appeal so his conviction in both cases became final on August 16, 1996, the day on which the forty-five day time period expired for filing a direct appeal. (Pre-Answer at 4.) Without addressing the timeliness issue of Applicant's August 19, 2005, postconviction motion, Respondents contend that the statute of limitations, for purposes of 28 U.S.C. § 2244(d), began to run on October 7, 1996, the date that the trial court denied Mr. Watson's October 4, 1996, Rule 35(b) motion. They, therefore, conclude that because Mr. Watson did not file the instant action until July 18, 2008, ten years and ten months after the one-year limitation period expired, the action is untimely. (Pre-Answer at 4-5.)

Mr. Watson does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. Applicant also does not assert that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence or that there were impediments to filing an application which were created by state action.

Both Applicant and Respondents agree that Mr. Watson was sentenced on July 2, 1996. Because Applicant did not file an appeal his sentence was final on August 16,

1996, forty-five days after his July 2, 1996, sentencing date. *See* Colo. App. R. 4(b). Mr. Watson, therefore, should have filed this action by August 16, 1997. Mr. Watson also does not disagree with the dates provided by Respondents regarding when he filed any postconviction motions and when the motions were denied and appealed.

If the Court were to find that all of Mr. Watson's postconviction motions were properly filed the time from August 17, 1996, the day after his conviction became final, until October 3, 1996, the day prior to when he filed a Rule 35(b) postconviction motion, and the time from November 22, 1996, the day after the forty-five days would have run to file an appeal of the trial court's denial of the Rule 35(b) motion, until September 16, 2002, the day before he filed the motion to modify sentences, would not be tolled. Also, the time from November 29, 2002, the day after the forty-five days would have run to file an appeal of the trial court's denied of the modification motion, until August 18, 2005, the day prior to when he filed a Rule 35(a) postconviction motion, and the time from May 21, 2007, the day after the forty-five days would have run to file a petition for writ of certiorari in the Rule 35(a) motion, until April 1, 2008, the day prior to when he filed the instant action, would not be tolled for the purposes of § 2244(d). The total time, therefore, during which the time was not tolled from August 17, 1996, the day after his conviction became final, until April 1, 2008, the day prior to when he filed the instant action in the Western District of Oklahoma, is at about ten years. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on

5

time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Garcia bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

In the Application, Mr. Watson claims that he was housed in the State of Missouri from November 11, 1994, until March 2, 2005, and was not given adequate legal assistance or access to legal facilities or materials, which were needed to pursue his Colorado claims. (Application at Ex. C.) Respondents argue that even though Applicant was housed out of state, his attorneys filed motions for reconsideration of his sentence on October 4, 1996, he filed letters with the court in each case on February 26, 1997, and he also filed *pro se* motions in each case requesting that his Colorado sentences be run concurrently with his Missouri sentences. (Pre-Answer at 6.)

In his Reply, Mr. Watson counters Respondents' arguments by claiming that the motions for reconsideration were filed by his attorneys prior to his transfer back to Missouri. (Reply at 2.) He further contends that his communication with the Colorado courts on February 6, 1997, was only to try and receive direction on how to obtain relief, because he had no access to Colorado legal materials, but the courts did not answer

6

his letter. (Reply at 2-3.) Finally, Mr. Watson contends that his motion requesting that the Colorado courts change his sentences to run concurrent with his Missouri sentence did not contain legal cites, and the motion was very ineffective. (Reply at 3.)

To the extent Applicant is asserting equitable tolling based on an alleged inability to file a postconviction motion in state court, due to his placement out of state, and, therefore, a resulting time bar under § 2244(d), his claim lacks merit. Mr. Watson was in Colorado from the date his conviction became final on August 16, 1996, until November 22, 1996, when he asserts he was returned to Missouri. (Reply at 2.) During this time a total of 47 days were not tolled for the purposes of § 2244((d). Mr. Watson then, according to his offender profile attached to his Reply as Appendix B, was returned to Colorado on February 10, 2005, and placed at the Crowley Correctional Facility on March 2, 2005. The Court finds that Mr. Watson does not claim he was denied access to Colorado legal materials either before he was transferred to Missouri or after he was returned to Colorado. Considering that Mr. Watson may not have had access to legal materials until he was actually placed at the Crowley facility, the Court finds that the time, for the purpose of § 2244(d), began to run on March 2, 2005. Therefore, from March 2, 2005, until August 18, 2005, the day prior to when Mr. Watson filed a postconviction motion, a total of 169 days was not tolled under § 2244(d).

Mr. Watson claims that although the Colorado Court of Appeals denied the postconviction motion on April 5, 2007, he filed petitions for rehearing, which were ignored by the court. (Reply at 8.) Even though Mr. Watson asserts that the state court failed to acknowledge his petition for rehearing, the court, however, did deny his motion to recall the mandate, on August 23, 2007. (Reply at App. F.) Mr. Watson also states

7

that since the state court of appeals failed to rule on his petitions for rehearing and to inform him that he could file a petition for writ of certiorari with the Colorado Supreme Court, the requirement to file a writ of certiorari was waived, and he had exhausted the state court remedies necessary for him to proceed with a federal habeas. (Reply at 8.) Since Mr. Watson believed he was able to file a federal habeas as of August 23, 2007, at the latest, and he does not assert he was denied access to federal legal materials at that time, the time is not tolled from August 24, 2007, the day after his motion to recall the mandate was denied until April 1, 2008, the day prior to when Mr. Watson filed the instant action, a total of 222 days. The Court finds that the total time which is not tolled from August 17, 1996, the day after his conviction became final, until April 1, 2008, the day prior to when he filed the instant action, is 489 days. The instant action, therefore, is barred by the one-year limitation period.

Mr. Watson also asserts in his Reply that the one-year time limitation does not apply to him because his judgment became final on April 17, 1996, which is before the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). Mr. Watson is incorrect. First, his conviction was not final until August 16, 1996, *see* Colo. App. R. 4(b), and second, the AEDPA does apply to individuals whose sentences became final prior to April 24, 1996, *see **United States v. Simmonds**,* 111 F.3d 737, 745-46 (10th Cir. 1997).

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Watson has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 26 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01223-BNB

Jerry Watson
Prisoner No. 125134
Sterling Correctional Facility
PO Box 6000 - 2-A-1-11
Sterling, CO 80751

Susan Eileen Friedman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/29/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk